UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kathryn Anne Hitzig,  :
    Plaintiff,  :
  :
    v.  :    File No. 1:08-CV-102
  :
Matthew B. Hubbard,  :
Jeff Hudon,  :
    Defendants.  :

OPINION AND ORDER
(Paper 10)

*Pro se* plaintiff Kathryn Hitzig brings this action claiming that she was illegally interrogated and denied appropriate medical care after being injured in a car accident. Defendants Matthew Hubbard and Jeff Hudon were Windham County Deputy Sheriffs at the time of the accident.

Pending before the Court is the defendants' motion to dismiss. The defendants argue that the complaint is untimely, that service was improper, and that Hitzig has failed to state a claim under 42 U.S.C. § 1981. For the reasons set forth below, the motion to dismiss (Paper 10) is GRANTED in part and DENIED in part.

Factual Background

For the limited purpose of ruling on the motion to dismiss, the facts alleged in the complaint will be accepted as true. On May 5, 2005, Hitzig was driving on East-West Road in Dummerston, Vermont when she collided head-on with another car. Although she was wearing her seatbelt and her air bag

deployed, Hitzig struck her head on the windshield. She was unconscious for "at least ten minutes," and has an incomplete memory of the 24-hours following the accident. (Paper 2 at 3).

Defendants Hubbard and Hudon responded to the accident scene, along with paramedics. Hitzig remembers the paramedics strongly recommending that she be taken to a hospital immediately for an evaluation of her head trauma and other injuries. She also recalls asking Hubbard and Hudon "repeatedly to be taken to the Hospital." Id. Hubbard instead informed the paramedics and others who stopped to assist that he and Hudon would be taking Hitzig to a hospital. The complaint alleges that, in doing so, "Deputy Sheriffs Hubbard and Hudon assumed all the responsibility for Kathryn Hitzig's medical care despite the fact that they were not qualified to do so." Id. at 4.

Before taking Hitzig to a hospital, the defendants required her to undergo field sobriety tests. One such test asked her to stand on one leg for 30 seconds. The complaint contends that these tests were unnecessary, as "a simple blood test could have been performed to determine if Ms. Hitzig received any medical treatment." Id.

The complaint also alleges that Hitzig was "subjected to intense questioning . . . during the approximate three-hour

interval before [she] received any medical treatment." Id. This questioning was performed without an explanation of her rights, and despite the fact that she had just suffered a head trauma. Hitzig claims that in the hours immediately after her accident, she was confused about the nature of her injuries and about her physical location. She alleges that conducting sobriety tests under these conditions was "cruel and unusual," and that her interrogation violated her right against self-incrimination. The complaint does not allege whether Hitzig was charged with criminal conduct in relation to her car accident.

As to her injuries, Hitzig allegedly suffered a grade three concussion. The complaint asserts that prompt treatment of such an injury can "greatly decrease" or "completely eliminate" its long-term effects. "A three-hour delay in clinical assessment and subsequent treatment is critical." Id. at 5.

Hitzig claims that due to defendants' delay in transporting her to a hospital for treatment, she now suffers from frequent and severe headaches, increased forgetfulness, occasional dizziness, sleep disturbances, and bad dreams. She also alleges that her performance as a professional alpine ski racer and her academic career have been impacted by her medical condition. She is seeking $25 million in damages.

Discussion

I.  Statute of Limitations

The defendants first argue that Hitzig's complaint is time-barred. As discussed below, the defendants do not contend that her filing of the complaint was untimely. Instead, they submit that the limitations period expired when the complaint was not served within 60 days as required by Vermont law. Because Hitzig is proceeding *in forma pauperis*, service in this case has been undertaken by the U.S. Marshals Service.

Hizig's car accident took place on May 5, 2005. She submitted her complaint to the Court, together with a motion to proceed *in forma pauperis*, on May 2, 2008. The Court granted her motion on May 7, 2008. The defendants concede that Hitzig's filings were timely under Vermont's three-year statute of limitations for personal injury actions.[1] See 12 V.S.A. § 512(4). Service was executed upon defendant Hudon on January 23, 2009, and upon defendant Hubbard on February 3, 2009. It is not clear to the Court why service was delayed to this extent.

---

[1] This limitations period applies regardless of whether Hitzig is bringing state law personal injury claims or claims under 42 U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987).

Citing an unpublished Second Circuit opinion, <u>Fish v. Bread Loaf Constr. Co.</u>, 133 F.3d 907, 1998 WL 29640 (2d Cir. 1998), the defendants contend that the delay in service rendered the complaint untimely. In <u>Fish</u>, the Second Circuit found that under Vermont law, the statute of limitations is tolled while the complaint is being served, but that service must be timely. 1998 WL 29640, at *1 (citing <u>Weisburg v. McClure Newspapers, Inc.</u>, 136 Vt. 594, 595 (1979)). Vermont Rule of Civil Procedure 3 requires that service be effected within 60 days of the filing of the complaint. Vt. R. Civ. P. 3. The <u>Fish</u> court, adopting the holding in <u>Cuocci v. Goetting</u>, 812 F. Supp. 451, 452 (D. Vt. 1993), concluded that this 60-day period controls in a federal diversity case, and that the limitations period is no longer tolled after the 60 days has elapsed. 1998 WL 29640, at *1.

Service in this case did not occur within 60 days of the filing of the complaint. Nonetheless, under Second Circuit law a *pro se* party is "entitled to rely on service by the U.S. Marshals." <u>See</u>, <u>e.g.</u>, <u>Romandette v. Weetabix Co., Inc.</u>, 807 F.2d 309, 311 (2d Cir. 1986). While *pro se* plaintiffs are required to provide the Marshals Service with information necessary to identify defendants, <u>see</u> <u>Sellers v. United States</u>, 902 F.2d 598, 602 (7th Cir. 1990), there is no claim here that Hitzig's filings were lacking in this regard.

5

Indeed, both defendants have been delivered copies of the complaint. Furthermore, while much of the case law in this area applies to incarcerated litigants, the fact that Hitzig was not incarcerated does not make her reliance upon the Marshals unreasonable. Jaiyeola v. Carrier Corp., 242 F.R.D. 190, 192 (N.D.N.Y. 2007). Accordingly, the responsibility for failed service rested "with the Marshals Service, not with [the plaintiff]." Muhammed v. Coughlin, 1994 WL 68168, at *3 (S.D.N.Y. Mar. 1, 1994); see also Sidney v. Wilson, 228 F.R.D. 517, 523-24 (S.D.N.Y. 2005).

In the context of timely service generally, "courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of [Fed. R. Civ. P.] 4(m)." Micolo v. Brennan, 2009 WL 742729, at *7 (E.D.N.Y. March 18, 2009) (internal quotations and citations omitted). The defendants acknowledge this general holding, but argue that the "good cause" standard is inapplicable to a statute of limitations. (Paper 10 at 4). While this may be so, it is also well accepted that courts may toll a limitations period when interests of fairness and equity dictate. Cf. Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005); Fish, 1998 WL 29640, at *2 ("a court may, but is not required to, allow extra time where the statute of

limitations would bar refiling"); Cuocci, 812 F. Supp. at 452 (Vermont law applies "excusable neglect" standard).

Here, Hitzig was entitled to rely upon the Marshals for timely service of her complaint. As the record gives no indication that the delay in service was attributable to her, the defendants' motion to dismiss the complaint as untimely is DENIED. See Tobin v. Doe, 2007 WL 2688855, at *3 (D. Conn. Sept. 13, 2007) (tolling statute of limitations where service by Marshals Service was delayed).

## II. Insufficient Service of Process

The defendants also argue that service upon them was insufficient. It appears from the docket that both defendants were served by leaving copies of the summons and complaint at their respective workplaces. Fed. R. Civ. P. 4(e) authorizes service of process on individuals in one of two ways, as follows:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, or:
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The Vermont rule similarly requires service "personally or by leaving a copies [of the summons and complaint] at the individual's dwelling house" or by delivery to a designated agent. Vt. R. Civ. P. 4(d)(1). There is no provision in either the Vermont or federal rules that would permit leaving copies of the summons and complaint at a defendant's workplace.

Again, however, Hitzig was entitled to rely upon the Marshals for proper service. In Micolo, the Eastern District of New York faced a similar situation in that the Marshals served papers at the wrong address. The court concluded that "the responsibility for the failed service lies with the Marshals Service, not with [the plaintiff]," and denied a motion to dismiss. 2009 WL 742729, at *7-*8. The court also noted that the defendant had received actual notice of the lawsuit, and cited Second Circuit law for the proposition that Rule 4 must be liberally construed in cases in which the party has received notice. Id. at *8 (citing Romandette, 807 F.2d at 311).

The defendants in this case have each received notice of the plaintiff's lawsuit, but have not been properly served. Because the defendants have retained counsel, it may be

possible to have counsel agree to accept service for them. The defendants may instead require personal service or service at their homes.  In any event, service shall be accomplished within 30 days of the date of this Order.  The defendants' motion to dismiss for insufficient service of process is DENIED.

III. Section 1981 Claim

The defendants' final argument is that Hitzig has failed to state a claim for relief under 42 U.S.C. § 1981.  "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)."  Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993).  Hitzig cites § 1981 in the first paragraph of her complaint, but does not explain how the statute applies her.  Specifically, the complaint makes no reference to Hitzig being a member of a racial minority, or to the defendants acting as they did on the basis of her race.  The motion to dismiss Hitzig's § 1981 claim is, therefore, GRANTED.

<u>Conclusion</u>

For the reasons set forth above, the defendants' motion to dismiss (Paper 10) is GRANTED in part and DENIED in part. Hitzig's claims under 42 U.S.C. § 1981 are DISMISSED. The U.S. Marshals Service shall effect proper service upon the defendants within 30 days of the date of this Opinion and Order.

Dated at Brattleboro, in the District of Vermont, this 25th day of June, 2009.

<pre>
                          /s/ J. Garvan Murtha
                          Honorable J. Garvan Murtha
                          United States District Judge
</pre>