```
               UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

Kathryn Anne Hitzig,              :
          Plaintiff,              :
                                  :
          v.                      :          File No. 1:08-cv-102-jgm
                                  :
Matthew B. Hubbard                :
and Jeff Hudon,                   :
          Defendants.             :

OPINION AND ORDER
(Doc. 51)

*Pro se* plaintiff Kathryn Hitzig brings this action claiming that she was illegally interrogated and denied appropriate medical care after being injured in a car accident. Defendants Matthew Hubbard and Jeff Hudon were Windham County Deputy Sheriffs at the time of the accident. Pending before the Court is the Defendants' motion to compel discovery. For the reasons set forth below, the motion to compel (Doc. 51) is GRANTED.

Factual Background

The Complaint in this case alleges that on May 5, 2005, Hitzig was driving on East West Road in Dummerston, Vermont when she collided head-on with another car. As a result of the collision, Hitzig allegedly struck her head on the windshield, and was unconscious for "at least ten minutes." (Paper 2 at 3).

Defendants Hubbard and Hudon responded to the accident scene, along with paramedics. Hitzig claims that she asked

the Defendants to take her to the hospital, but that instead she was required to undergo field sobriety tests.  The Complaint also alleges that Hitzig was "subjected to intense questioning . . . during the approximate three-hour interval before [she] received any medical treatment."  Id. at 4.

Hitzig claims that in the hours immediately after her accident, she was confused about the nature of her injuries and about her physical location.  She alleges that conducting sobriety tests under these conditions was "cruel and unusual," and that her interrogation violated her right against self-incrimination.  The Complaint does not allege whether Hitzig was charged with criminal conduct in relation to her car accident.

As to her injuries, Hitzig allegedly suffered a grade three concussion.  The Complaint asserts that prompt treatment of such an injury can "greatly decrease" or "completely eliminate" its long-term effects.  "A three-hour delay in clinical assessment and subsequent treatment is critical."  Id. at 5.

Hitzig claims that due the Defendants' delay in transporting her to a hospital for treatment, she now suffers from frequent and severe headaches; increased forgetfulness; occasional dizziness; sleep disturbances; and bad dreams.  She also alleges that her performance as a professional alpine ski

racer and her academic career have been impacted by her medical condition.  She is seeking $25 million in damages.

## Procedural Background

Hitzig filed her Complaint on May 2, 2008.  On January 3, 2011, Defendants served her with their First Set of Interrogatories and Requests to Produce.  On March 15, 2011, having not received any responses, Defendants' counsel Barbara Blackman, Esq. wrote to Plaintiff inquiring as to the status.

On May 9, 2011, Hitzig filed a discovery certificate with the Court, indicating that she had served Attorney Blackman with responses to the Defendants' First Set of Interrogatories.  Responses to the Defendants' Requests to Produce remain outstanding.

The current discovery schedule requires written discovery to have been served by May 15, 2011, with Plaintiff's expert witness reports completed by June 15, 2011, and Defendants expert witness reports completed by July 15, 2011.  The discovery deadline is August 15, 2011.

## Discussion

The Defendants' First Set of Requests to Produce includes over forty document requests, several of which pertain to Hitzig's medical records.  The Defendants report that "[w]ith the exception of 2 or 3 medical records from 2001 and 2002 addressed to plaintiff's asthma (which relevance seems

3

questionable), plaintiff has not produced any documentation to support her claim for damages arising out of the 2005 incident." (Doc. 55 at 3) (parenthetical in original).

In her initial response to the motion to compel, filed May 9, 2011, Hitzig informed the Court that she had "sent all [medical records] in her possession including medical records from the Lahey Clinic. The other medical records have been requested from the Medical Records Departments of the other hospitals involved and will be immediately forwarded to the Defendants' attorney when they are received." (Doc. 52 at 2-3.) In a more recent filing, docketed on July 22, 2011, Hitzig argues that the Defendants' requests for medical records "are not specific, are not justified as required by Federal Law, and are in violation of current Federal Privacy Laws . . . ." (Doc. 65 at 2.) With respect to "privacy laws," she cites the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320, *et seq.* ("HIPAA"), and the Health Information Technology for Economic and Clinical Health Act, 42 U.S.C. §§ 17921-17954 ("HITECH"). Aside from confidentiality issues, Hitzig contends that some of the requested documents are not in her possession, and that others do not exist.

With respect to Hitzig's contention that the Defendants' requests are non-specific, the Requests to Produce ask for

"complete" copies of her medical files from Brattleboro Memorial Hospital and Massachusetts General Hospital. (Doc. 65-1 at 3.) The Defendants also make a more specific request for "any and all medical reports, x-rays, films, diagnoses, prognoses, prescriptions, and/or test results concerning the subject matter of your Complaint, including your claim for damages." Id. This latter request appears "reasonably calculated to lead to the discovery of admissible evidence," and is therefore appropriate. Fed. R. Civ. P. 26(b)(1).

Indeed, the Defendants are clearly entitled to relevant medical documentation. See Midalgo v. McLaughlin, No. 9:06-CV-330, 2009 WL 890544, at *2 n.5 (N.D.N.Y. Mar. 30, 2009) (noting that "by putting his medical condition at issue in this lawsuit, [plaintiff] waives any privilege he may have otherwise been entitled to as to his limited privacy interests in these medical records"); Bayne v. Provost, 359 F. Supp. 2d 234, 238 (N.D.N.Y. 2005) (noting that "[b]y commencing this action and seeking damages for his medical injuries, [plaintiff] placed his relevant medical condition at issue"). Hitzig is claiming significant damages, based largely upon physical injuries and lost professional opportunities resulting from her "post-concussive symptomatology." (Doc. 2 at 6.) She also claims to be facing "large medical expenses for the foreseeable future." Id. She has therefore put her

medical condition at issue, and relevant documentation with respect to her condition is discoverable.  See Bayne, 359 F. Supp. 2d at 238.

While Hitzig makes frequent reference to HIPAA and HITECH, she does not appear to be arguing for an absolute bar to discovery.  Such an argument would be misplaced, as federal confidentiality law allows for health information to be disclosed in judicial proceedings.  45 C.F.R. § 164.512(e); see Barnes v. Glennon, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *5 (N.D.N.Y. Sept. 28, 2006) ("Disclosure can be obtained through several means, including when it is in response to a discovery request during litigation or pursuant to a court order."); Bayne, 359 F. Supp. at 237 ("it is evidently denudate that a purpose of HIPAA was that health information . . . should be made available during the discovery phase").

Instead, Hitzig argues that federal law limits disclosure, and that Defendants carry the burden of showing "relevance and use in this litigation before [medical information] is released."  (Doc. 62 at 9) (citing 45 C.F.R. § 160.516).  She also states, as recently as July 13, 2011, that all relevant medical information will be supplied "as soon as it is available."  Id.  That information will reportedly

include results of a recent "comprehensive medical workup at the Lahey Clinic . . . " (Doc. 57 at 1.)

The Court finds no legal support for Hitzig's contention that the Defendants bear an extra burden of showing relevance under HIPAA. The regulation she cites, 45 C.F.R. § 160.516, pertains to administrative hearings for the imposition of civil penalties by the Secretary of Health and Human Services. See 45 C.F.R. § 160.500. That regulation has no application here.

The Defendants have made a reasonable request for medical information, and that information has not been provided. Hitzig claims that all materials in her possession have been produced, but the Defendants report that they have not received anything regarding her accident. "Defendants are entitled to these records to confirm the extent of plaintiff's physical injuries," and the records must be produced. Tota v. Bentley, No. 06CV514S, 2008 WL 495508, at *3 (W.D.N.Y. Feb. 21, 2008). The motion to compel (Doc. 51) is therefore GRANTED.

The Court held a status conference on August 2, 2011. After hearing from the parties, the Court set an amended discovery schedule. The parties are reminded of their duty to supplement responses to the extent that new material may become available. See Fed. R. Civ. P. 26(e). The parties

shall bear their own costs relating to this motion.  <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)(iii).

<u>Conclusion</u>

For the reasons set forth above, the Defendants' motion to compel (Doc. 51) is GRANTED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of August, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge
