```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

KATHRYN ANNE HITZIG,                  :
                                      :
     Plaintiff,                       :
                                      :
     v.                               :   File No. 1:08-cv-102
                                      :
MATTHEW B. HUBBARD and                :
JEFF HUDON,                           :
                                      :
     Defendants.                      :
_____ :
```

                        OPINION AND ORDER
                            (Doc. 77)

Pro se plaintiff Kathryn Hitzig commenced this action in May 2008, claiming that she was illegally interrogated and denied appropriate medical care after being injured in a car accident. Defendants Matthew Hubbard and Jeff Hudon were Windham County Deputy Sheriffs at the time of the accident. Pending before the Court is the Plaintiff's motion to quash her deposition. (Doc. 77.) Defendants oppose the motion and request an award of costs and expenses. (Doc. 79.) For the reasons set forth below, the motion to quash is denied.

                      Procedural Background[1]

On August 16, 2011, Defendants noticed Plaintiff's deposition for September 13, 2011. The parties had agreed to conduct the deposition in Norwich, Vermont at a date and time

---

[1] The procedural background relevant only to the motion to quash is related. For a more detailed factual and procedural account, see Docs. 11, 16, 68.

1

convenient to Plaintiff.  Plaintiff, however, failed to appear for the deposition.

The next day, August 17, Defendants issued a second notice of deposition for September 27, 2011, to be conducted at Defendants' counsel's office in Burlington, Vermont.  Plaintiff requested the date, time, and location be changed; Defendants declined to accommodate Plaintiff a second time.

On the afternoon of September 26, the day prior to the scheduled deposition, Plaintiff filed her motion to quash and for a protective order.  (Doc. 77.)  Early on the morning of September 27, Plaintiff notified Defendants' counsel she would not attend the scheduled deposition until the Court ruled on her motion.  See Doc. 78-6.  Indeed, Plaintiff did not appear for the deposition.

The current discovery schedule requires depositions of all non-expert witnesses be completed by September 30, 2011.  (Doc. 69.)  Plaintiff's expert witness reports were also due September 30, and Defendants' expert witness reports by October 28.  The discovery deadline is November 30, 2011, and the ready for trial date February 1, 2012.  The Court warned no continuances of the trial readiness date will be granted.

Discussion

Plaintiff seeks, by her motion, purportedly brought under Federal Rule of Civil Procedure 26(5)(C)(1),[2] an order quashing the deposition scheduled for September 27, 2011. Plaintiff's failure to appear for the properly noticed September 27 deposition essentially renders moot her motion. The Advisory Committee notes to Federal Rule of Civil Procedure 37(d), however, specifically state "the filing of a motion under Rule 26(c) is not self-executing-the relief authorized under that rule depends on obtaining the court's order." Fed. R. Civ. P. 37(d) advisory committee's note to 1993 Amendments.

The basis for Plaintiff's motion is apparently her inability to participate in a deposition due to her medical condition. She states: "The stress of the deposition could produce untoward and personally damaging medical consequences depending upon how involved the questioning would be." (Doc. 77 at 2.) She also notes it would be illegal for her to drive on her current medication. <u>Id.</u> As an initial matter, the Court notes it is unclear whether Plaintiff is still taking the medication that would prevent her from driving. <u>See</u> Doc. 77-2 at 4 (pharmacy receipt showing prescription was filled on September 21, 2011,

---

[2] The Court notes there is no such subsection of Rule 26. The proper citation is to Rule 26(c).

3

for a sixteen day supply with no refills).  More importantly, whether Plaintiff herself can drive or not is irrelevant.

Plaintiff has an obligation to appear for a properly noticed deposition or face sanctions.  A district court may dismiss an action if a party fails to attend a deposition of that party.  Fed. R. Civ. P. 37(d).  "All litigants, including pro ses, have an obligation to comply with court orders and failure to comply may result in sanction, including dismissal with prejudice."  Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and citations omitted).  "Pro se litigants, though generally entitled to 'special solicitude' before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.  Dismissal of a pro se litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal."  Id. (internal quotations and citations omitted).  Plaintiff is warned that if she continues to disregard deposition notices, her action may be dismissed as a sanction.

## Conclusion

For the above reasons, Plaintiff's motion to quash her deposition and for a protective order (Doc. 79) is DENIED.  The Court is inclined to award Defendants costs and expenses.  See Fed. R. Civ. P. 30(g).  Accordingly, Defendants, in keeping with Federal Rule of Civil Procedure 37(d)(1)(A), shall file a

4

motion with an itemization of costs and expenses by November 23, 2011.  Defendants shall also confer with Plaintiff and notice a third deposition, to be conducted prior to November 30, 2011, which Plaintiff shall attend.  <u>See</u> Fed. R. Civ. P. 26(c)(2).  Plaintiff is warned that if she does not attend the next properly noticed deposition, she risks dismissal of her case.  <u>See</u> Fed. R. Civ. P. 37(b)(2), (d)(3); <u>Agiwal</u>, 555 F.3d 298.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 9th day of November, 2011.

                                    <u>/s/ J. Garvan Murtha</u>
                                    Honorable J. Garvan Murtha
                                    United States District Judge